By the Court, Cowen, J.
The general rule is, that a second fi.fa. cannot issue to the sanie county with, the first, until this be returned. The rule is very strongly expressed in several cases cited on the argument. No qualification has been allowed, and none should be except in a case of necessity. I do not see any necessity in the present case. • The plaintiff delayed a sale as to one defendant, at his request and for his accommodation. ' He might have sold the goods and returned the execution with ordinary diligence in time to issue the second one. That can scarcely be called a necessity which he has himself voluntarily created. Then as to the necessity of retaining the execution as a justification against the replevin; its return-would have detracted nothing from its force as a justification, n.or would it have taken from the sheriff, the power to sell on the goods being returned. He might have returned the seizure and replevin,, which would have shown a part execution; and the goods might have, been afterwards disposed of in virtue of a venditioni expon.as, as in the ordinary case of a return that fio purchasers can be obtained. (Tidd, 1020, Am. ed. of 1840 ;Bing. On Judgm. &c. 262, 3.) The rule laid down in Clerk v. Withers, (1 Salk. 323, 2 Ld. R. 1074, S. C.,) is, that where tire sheriff returns not sold for want of buyers, a venditioni goes if he be still in office ; if he be out, he is still bound to sell the goods; and may be distrained and compelled' to do so by distringas to the newsheriff This shows that no power is taken *573 away from the sheriff by his return of a case which precludes an immediate sale. It may be more convenient to the plaintiff if we allow the sheriff to retain the first j/t. fa. while the plaintiff proceeds to another; but this does not form a ground of exception. The motion must be granted with costs.
Ordered accordingly.